PER CURIAM.
11 Petitioner, Valentina LaMont, failed the February 2004 Louisiana Bar Examination. Thereafter, the Committee on Bar Admissions (“Committee”) opposed petitioner’s application to sit for the February 2005 bar exam, based upon information indicating that she had cheated or attempted to cheat on the February exam by speaking to the applicant seated next to her during the Civil Code III examination.
Petitioner applied to this court, seeking permission to sit for the February 2005 bar exam. We denied the application and appointed the Office of Disciplinary Counsel to conduct an investigation into petitioner’s qualifications to be admitted to the bar. We also appointed a commissioner to take evidence and report to this court whether petitioner possesses the appropriate character and fitness to be admitted to the bar and allowed to practice law in the State of Louisiana. Our order provided that upon receipt of the commissioner’s report addressing his “specific findings with regard to the allegations against petitioner relating to her conduct during the February 2004 Louisiana Bar Examination,” we would make a determination whether petitioner would be permitted to sit for a future bar examination.
The commissioner conducted a character and fitness hearing pursuant to Supreme Court Rule XVII, § 9(B). At the conclusion of the hearing, the commissioner filed his report with this court, finding that petitioner spoke to another applicant during the Civil Code III examination, in violation of the Committee’s rule | ¡¿hat there is to be no talking during the exam, and that “the purpose of their talking was to in some way cheat on the exam, since there are no other reasonable hypotheses for the talking.” Based on these findings, the commissioner recommended that petitioner “not be permitted to ever practice law in the State of Louisiana.” Petitioner objected to the commissioner’s recommendation, and oral argument was conducted before this court pursuant to Supreme Court Rule XVII, § 9(B)(3).[1]
After hearing oral argument, reviewing the evidence, and considering the law, we find it is established by the. record that petitioner spoke to the applicant seated next to her during the Civil Code III examination administered in February 2004. We further find that such conduct constituted cheating by petitioner.
Cheating on the bar examination is a particularly egregious act of dishonesty which we cannot excuse or overlook. Accordingly, it is ordered that the application by petitioner seeking permission to sit for the Louisiana Bar Examination be and hereby is permanently denied.

. Upon the agreement of all the parties, this matter was consolidated with In re: Liliana Rojas, 04-OB-1819, for hearing before the commissioner and for oral argument before this court. Ms. Rojas is the applicant who was seated next to petitioner on the first day of the February 2004 bar examination.